UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| Paul Obersteller, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | No.02:07-cv-112 |
| | § | |
| Select Portfolio Servicing, Inc., et al., | § | |
|     Defendants. | § | |

**OPINION AND ORDER DISMISSING CASE WITHOUT PREJUDICE**

Plaintiff failed to achieve service of process in accordance with Federal Rule of Civil Procedure 4(m). The Court ordered plaintiff to show cause for this failure. *See* docket entry 2. Plaintiff then filed a motion for an extension of time for service. *See* docket entry 4. In the motion for an extension of time, which the Court treats as responsive to the order to show cause, plaintiff explains that he expected other pending litigation to resolve the matter, and that the failure to timely effect service resulted from oversight and inadvertence.

When a District Court considers a motion to extend time for service, it must first determine whether good cause exists. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). If good cause does not exist, the court may dismiss the case without prejudice. *Id.*

Unfulfilled expectations and oversight do not constitute cause for the purposes of Rule 4(m). The Court has sanctioned the plaintiff in two other related cases for obstinate and dilatory conduct. *See* docket entry 7 in No. 2:06-cv-451; and docket entry 11 in 06-cv-116. Although plaintiff is pro se, he has demonstrated an above average sophistication and ability in litigation. The Court finds that plaintiff has not shown good cause.

The Court also notes that there is still no record of proper service in this case. While the clerk issued summons (docket entry 5), and entered a return of service on the docket sheet (docket entry 6), plaintiff has not satisfied Rule 4(h)(1). There is no indication that the summons and complaint were received by the defendant's registered agent or anyone else. *See* TEX. R. CIV. PRO. 107 ("When the citation [is] served by registered or certified mail . . . the return . . . must also contain the return receipt with the addressee's signature."). Nor is there a waiver of service under Rule 4(d). Finally, the Court takes notice that the person to whom the service was directed, Carolyn A. Taylor, has appeared as an attorney for the defendant in a related case against the plaintiff. There is nothing to indicate that Carolyn Taylor is an officer or the registered agent of the defendant.

Plaintiff has failed to satisfy Rule 4(m), has failed to show cause, and has failed to show proof of effective service.

This case is DISMISSED without prejudice, but with warning of sanctions not to abuse process or suit.

ORDERED August 24, 2007.

_____
HAYDEN HEAD
CHIEF JUDGE